Gregory L. ALLMAN; Elijah Blue Music; Allbro Music; D–Dem Music; Relot Music, Plaintiffs–Appellants,

v.

CAPRICORN RECORDS, a Tennessee corporation; Capricorn Records LLC; Capricorn Records LP, a Tennessee corporation, Defendants–Appellees.

No. 00–56001.
D.C. No. CV–98–01078–NM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided July 16, 2002.

Before GOODWIN, WALLACE, and THOMAS, Circuit Judges.

MEMORANDUM *

Gregory L. Allman and his solely owned publishing companies, Elijah Blue Music, D–Dem Music, Allbro Music and Relot Music (hereinafter jointly referred to as "Allman") appeal the district court's summary judgment and dismissal in favor of Capricorn Records in Allman's copyright infringement action under 17 U.S.C. § 115. We reverse and remand for further proceedings. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The salient issue in this case is whether the defendants [1] exceeded the scope of compulsory licenses issued by Allman to PolyGram Records, Inc., to make and distribute phonorecords of various copyrighted songs. If a copyright owner grants a nonexclusive license to use his copyrighted material, he generally waives his right to sue the licensee for copyright infringement and can sue only for breach of contract. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir.1999) (citing *Graham v. James*, 144 F.3d 229, 236 (2d Cir.1998)). However, if a license is limited in scope, and the licensee acts outside the scope of the license, the licensor can bring an action for copyright infringement. *Id.*

In this case, there are genuine issues of material fact as to whether the licenses were limited in scope and whether the licensee acted outside the scope of the license. Paragraph 3 on the reverse side of the licenses provided:

This compulsory license covers and is limited to one particular recording of said copyrighted work as performed by the artist and on the phonorecord number identified in (C) supra; and this compulsory license does not supersede nor in any way affect any prior agreements now in effect respecting phonorecords of said copyrighted work.

It is undisputed that specific phonorecord numbers were identified in the various licenses. It is also undisputed that Mercury Records, a division of PolyGram, and Capricorn Records, Inc. entered into a joint venture entitled Capricorn Records, LLC, 51% of which was owed by PolyGram and 49% of which was owned by Capricorn Records, Inc. In 1997, Capricorn LLC distributed phonorecords of the disputed songs with different phonorecord numbers than those identified in the licenses.

Defendants essentially argue that the phonorecord number is not a material part of the license, i.e., that the license is for the use of a phonorecord in a particular configuration. Allman argues that the phonorecord catalogue number is a material part of the license because it prohibits unauthorized issuances of recordings in a manner that would make it difficult or impossible to track royalties. Allman also contends that if new licenses were to be issued, the royalty provisions would be established at the statutory rate prescribed in 17 U.S.C. § 115, rather than at

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We do not reach the question of the respective liabilities of the defendants, and in particular whether defendant Capricorn Records, LLC, and Polygram should be treated as a single entity for liability purposes. The parties did not raise any issues pertaining to this question on appeal. We *sua sponte* requested briefing on the issue. However, having considered the supplemental briefs filed by the parties, we believe that it is appropriate for the district court to consider and resolve any legal and factual questions pertaining to any distinct theories of liability as to a particular party (or defenses thereto) in the first instance.

80% of the statutory rate, as established in the original licenses granted by Allman.

Thus, genuine issues of fact remain for resolution as to the scope of the license and whether the defendants exceeded the scope and thus infringed the copyright. *See Harris v. Emus*, 734 F.2d 1329, 1333–35 (9th Cir.1984); *see also Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*, 155 F.3d 17, 24 (2d Cir.1998). Genuine issues of material fact also remain as to whether the defendants are jointly and/or severally liable for the infringement. *See Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 772 F.2d 505, 519–20 (9th Cir.1985). Accordingly, the entry of summary judgment was inappropriate. Given the vacation of the judgment, the attorneys' fee award must also be vacated.

**REVERSED AND REMANDED.**

WALLACE, Senior Circuit Judge, concurring.

The majority reverses the district court's summary judgment because it believes there is a genuine issue of material fact as to whether Capricorn Records, LLC exceeded the scope of a compulsory license issued by Allman to PolyGram Records, Inc. I agree that summary judgment was improper but for different reasons.

Capricorn will be liable to Allman for copyright infringement if it reproduced and/or distributed Allman's song either without a license or in a way not permitted by its license. 17 U.S.C. §§ 106, 501; *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir.1999). Our first inquiry, then, should be whether Capricorn reproduced or distributed the song. If it did, we should then determine whether it had a license to copy or distribute and, if so, whether the alleged infringing activity falls within the scope of that license. My principle objection to the majority's approach is that it skips past the first two

inquiries and focuses solely on whether Capricorn exceeded the scope of the Poly-Gram license. I would attempt to resolve the first two questions before addressing the license scope issue.

PolyGram undoubtedly exercised significant influence over the joint venture with Capricorn. As the district court indicated, PolyGram retained ownership of the master recordings, set the prices of the retail albums, and handled the accounting and payment of royalties. This does not mean, however, that Capricorn's role was insignificant or that Capricorn did not copy or distribute the song. After paying a distribution fee to PolyGram, it received all of the income from the sale of the song. It appears likely from the joint-venture agreement between Capricorn and Poly-Gram that PolyGram was acting as Capricorn's agent in the distribution of the song. Thus, I would conclude that Allman has raised a triable issue as to whether Capricorn copied or distributed the song.

Assuming that Capricorn copied or distribute the song, there is also the question of whether Capricorn had a license. Since all agree that Capricorn did not have its own license, the issue is whether the Poly-Gram license covered Capricorn's activities. PolyGram's license could have been extended to Capricorn in one of two ways: 1) a possible transfer of PolyGram's license to Capricorn or 2) PolyGram and Capricorn could have been the same legal entity. Capricorn repeatedly claims that it never asked for or received a right in the PolyGram license. The re-released phonorecords stated that the song was "[l]icensed exclusively to Capricorn Records, LLC," but that statement appears to have been a mistake as Allman failed to produce further evidence, such as a license assignment agreement, to substantiate its claim that the license had indeed been transferred. In my opinion, the label evi-

dence alone is insufficient for Allman to have raised a triable issue on the question of whether PolyGram tried to assign its license to Capricorn. Moreover, I have serious doubts about whether such an assignment could be accomplished even if attempted. *See Harris v. Emus,* 734 F.2d 1329, 1333 (9th Cir.1984) (concluding that copyright licenses are not transferrable).

Whether PolyGram and Capricorn are the same entity is another matter. The district court appears to have accepted Capricorn's argument that it and Poly-Gram were the same entity when it stated that Allman "present[ed] no evidence of Capricorn LLC's separate legal entity status." The district court was wrong. Not only does Capricorn Records, LLC have a separate name and entity designation, it existed as a limited liability partnership prior to the joint venture agreement between PolyGram and Capricorn Records, Inc. Further, PolyGram owned only 51% of Capricorn. I would therefore conclude that Allman has raised a triable issue as to whether PolyGram and Capricorn are separate legal entities and would remand to the district court for it to make this determination, if necessary.

If PolyGram and Capricorn are different legal entities and Capricorn engaged in copying or distributing, then Capricorn infringed Allman's copyright. If they are the same legal entity, then the court would have to address whether Capricorn's alleged infringing activity fell within the scope of the PolyGram license.

In sum, rather than remanding on the license scope issue alone, I would reverse and remand for the district court to determine whether Capricorn copied or distributed "Wasted Words." If it did, I would ask the district court to determine whether Capricorn had a license and, if Capricorn did have a license, only then would I instruct the district court to determine whether Capricorn's alleged infringing activities exceeded the scope of the Poly-Gram license.